**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**PEDRO LUIS LOPEZ,**

*Plaintiff,*

v.

**BETHEL COMMANDMENT CHURCH OF THE LIVING GOD OF NEW JERSEY, *et al.*,**

*Defendants.*

No. 24-cv-08920

**MEMORANDUM ORDER**

---

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court on Defendant Middle Township of New Jersey's ("Defendant" or the "Township") Motion to Dismiss, (ECF No. 44), Plaintiff Pedro Luis Lopez's ("Plaintiff") Fourth Amended Complaint ("FAC"), (ECF No. 43). Plaintiff opposed the Motion, (ECF No. 49), and the Township replied, (ECF No. 50). The Court decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Township's Motion is **GRANTED**.

## I. FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

Plaintiff brings this action arising out of sexual abuse he suffered between 1991 and 2000, when he was between eight and seventeen years old. (FAC, ECF No. 43 ¶¶ 5, 14, 31). Plaintiff alleges that Defendants Vincent A. Watkins, Sr. ("Watkins") and Kallaad Watkins Cepada ("Cepada") repeatedly sexually abused him on hundreds of occasions during that period. (*Id.* ¶¶

---

[1] The Court assumes that the facts recited herein are true for purposes of resolving this Motion.

29–36). The abuse occurred at several locations, including Bethel Commandment Church of the Living God of New Jersey, the Martin Luther King Recreation Center operated by the Township, and during interstate trips. (*Id.* ¶¶ 5, 29–36).

Watkins acted in several capacities, including, as relevant here, an employee and contractor of the Township. (*Id.* ¶¶ 22–23, 28, 30). The Township owned and operated the Martin Luther King Recreation Center, where Watkins managed and supervised programs; Watkins had "exclusive use" of the facilities, and exercised responsibility over children, including Plaintiff. (*Id.* ¶¶ 26, 30, 54). Plaintiff alleges that the Township knew or should have known that its facilities were being used for sexual abuse, received complaints that placed it on notice of the alleged abuse, and nevertheless failed to stop or expose it. (*Id.* at 14, 17).[2] Plaintiff also alleges that the Township and Watkins organized trips to a Philadelphia Phillies baseball game in Pennsylvania and the Baltimore Aquarium in Maryland. (*Id.* ¶¶ 64–65).

Watkins was arrested in 2015 after confessing to sexual acts with minors. (*Id.* ¶ 41). Plaintiff alleges that Defendants concealed evidence by redacting portions of Watkins' confession and failing to produce recorded statements, and that Plaintiff did not discover the full extent of the alleged conspiracy and his legal rights until 2022. (*Id.* ¶¶ 41–44).

Based on these allegations, the FAC asserts claims under 18 U.S.C. § 2255, which authorizes civil claims by minors who are victims of certain federal crimes involving sexual abuse and trafficking. Plaintiff alleges predicate violations of 18 U.S.C. §§ 1591, 2241, 2422, and 2423. (*Id.* ¶¶ 68–76). Plaintiff also asserts a claim under the civil provisions of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 *et seq*. (*Id.* ¶¶ 77–85). Plaintiff seeks

[2] The paragraphs in the FAC are numbered incorrectly so the Court cites to the page numbers here for clarity.

injunctive relief, compensatory damages, punitive damages against certain Defendants, and enhanced damages under RICO. (*Id.* at 27–28).

Plaintiff filed his original Complaint on September 3, 2024. (ECF No. 1). The Township moved to dismiss on November 19, 2024. (ECF No. 5). After Plaintiff requested additional time to respond, he filed an Amended Complaint on January 31, 2025. (ECF Nos. 12, 14). The Court permitted the amendment in light of Plaintiff's then-*pro se* status and denied the Township's first motion to dismiss as moot. (ECF No. 15).

The Court thereafter directed Plaintiff to file an amended pleading complying with Local Civil Rule 15.1 and eventually entered an Order to Show Cause when he failed to do so. (ECF Nos. 17–18). Counsel later entered an appearance on Plaintiff's behalf, and Plaintiff was eventually permitted to file a Third Amended Complaint on October 1, 2025. (ECF Nos. 22–35). Following a pre-motion conference, the Court afforded Plaintiff yet another opportunity to amend. (ECF No. 42). Plaintiff, through counsel, filed the operative FAC on December 16, 2025. (ECF No. 43).

The Township filed the present Motion to Dismiss on December 23, 2025. (ECF No. 44). Plaintiff filed his opposition on January 27, 2026, (ECF No. 49), and the Township replied on February 3, 2026, (ECF No. 50).

## II. LEGAL STANDARD

To state a claim, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (cleaned up). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations and all reasonable inferences drawn from them as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). If any other matters outside the pleadings are presented and the court does not exclude them, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

"A statute of limitations defense is an affirmative defense that a defendant must usually plead in his answer." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). A district court may, however, grant a Rule 12(b)(6) motion asserting a limitations defense if the time bar is obvious from the face of the complaint. *Id.* A district court "may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Id.* (citation omitted). But if the pleading itself reveals when the limitation period begins to run, then Rule 12 dismissal is justified. *See id.*

## III. DISCUSSION

The Township argues that all of Plaintiff's claims are barred by the statute of limitations. In the alternative, it argues that § 2255 does not permit secondary or vicarious liability and that, in any event, Plaintiff has not plausibly alleged aiding-and-abetting liability. It further argues that Plaintiff's civil RICO claim is untimely and fails to allege an injury to business or property. (Def.'s Mot., ECF No. 44-3). Plaintiff responds that his claims remain timely due to the 2022 amendment eliminating § 2255's limitations period and the discovery rule; that Defendants' alleged concealment warrants tolling; that secondary liability is available under § 2255; and that he has sufficiently pleaded a cognizable RICO injury. (Pl.'s Opp., ECF No. 49).

The Court recently considered materially similar claims and arguments in *Priester v. Bethel Commandment Church of the Living God of N.J.*, No. 24-8899, 2026 WL 1133603 (D.N.J. Apr. 27, 2026). For substantially the same reasons explained there, the Court agrees that all of Plaintiff's claims against the Township are time-barred. Alternatively, Plaintiff has not plausibly alleged a basis for imposing liability on the Township under § 2255. Because the Court will dismiss the claims on these grounds, it need not, and does not, reach the Township's remaining alternative

arguments, including that § 2255 did not retroactively create a civil remedy for the alleged abuse occurring before 1998 or that the case should be dismissed pursuant to New Jersey's Entire Controversy Doctrine and/or *Colorado River* abstention due to pending state-court litigation to which the Township is not a party.

As this Court emphasized in *Priester*, this "conclusion is not reached lightly or without empathy for plaintiffs," but "it is not the role of this district court to alter federal common law and the relevant limitations period." *Doe v. County of Josephine*, No. 12-2080, 2015 WL 2412181, at *9 (D. Or. May 18, 2015), *aff'd on other grounds sub nom. Doe, 7 v. Josephine County*, 697 F. App'x 567 (9th Cir. 2017).

**A. Plaintiff's Claims Under § 2255 Are Barred by the Statute of Limitations**

Plaintiff argues that the discovery rule renders his claims timely. He relies on the 2022 amendment to § 2255, which eliminated the statute of limitations for future claims and for claims that remained timely under the prior version of the statute. As the Court explained in *Priester*, the 2022 amendment "applies retroactively to any claim or action that, as of the enactment date of September 16, 2022, would not have been barred under the 2018 version of the statute." 2026 WL 1133603, at *4 (citation omitted). The 2018 version of § 2255 required suit within ten years after the later of the plaintiff's reasonable discovery of the violation or injury forming the basis of the claim, or within ten years after the victim reached eighteen years of age. Indeed, the Third Circuit construed even earlier iterations of the statute as incorporating the discovery rule. *Stephens*, 796 F.3d at 288–89.

As the Court explained in *Priester*, however, even so construing the statute it has been far longer than ten years since Plaintiff either knew or could have reasonably discovered the basis of his claims under § 2255. 2026 WL 1133603, at *4–5. The Third Circuit has held that the discovery

rule does not preserve claims where the plaintiff was aware of the abuse and thus the resulting injury at the time. *Stephens*, 796 F.3d at 288–89. Here, as in *Stephens*, Plaintiff's allegations establish that he was aware of the abuse as it occurred, even if he did not "fully appreciate" every resulting psychological, physical, or economic consequence at the time. *Stephens*, 796 F.3d at 288–89; *see also Doe*, 2015 WL 2412181, at *4 ("Indeed, numerous courts have held that a plaintiff need not realize the extent, seriousness, or permanence of an injury for a claim to accrue.").[3]

Plaintiff's allegation that he did not discover "the full extent of the conspiracy and his legal rights" until 2022 does not change that conclusion. (FAC, ECF No. 43 ¶ 44; Pl.'s Opp, ECF No. 49 at 21–22). A plaintiff's later discovery of another defendant's alleged role in concealing a known injury does not restart the statute of limitations. *See Leonard v. City of Pittsburgh*, 570 F. App'x 241, 245 (3d Cir. 2014); *Priester*, 2026 WL 1133603, at *5–6. Even if plausibly alleged, a cover-up by the Township decades later does not alter the fact that Plaintiff knew of the injury forming the basis of his claims when it occurred. *See* 570 F. App'x at 245. Because he could have discovered the basis for any claims against the Township by exercising reasonable diligence in pursuing his claims against Watkins, the discovery rule does not toll the statute of limitations. *See id.* "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Stephens*, 796 F.3d at 288 (citation omitted).

Nor is there any other basis for tolling. Unlike in *Priester*, Plaintiff includes some allegations of concealment in the operative pleading. He alleges that complaints were made to "various authorities," that portions of Watkins' 2015 confession were redacted and that these

[3] Plaintiff relies on the New Jersey Supreme Court's decision in *Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 112 (2006). But as Defendant correctly notes, this Court, when applying federal law, is bound by the Third Circuit and the U.S. Supreme Court. (ECF No. 50 at 9–10).

recorded statements were not adequately produced. (FAC, ECF No. 43 ¶¶ 40–44). But even accepting those allegations as true, they do not (and cannot) allege concealment of the underlying injury, *i.e.*, the abuse by Watkins and Cepada, of which Plaintiff was already aware. Accordingly, Plaintiff's § 2255 claims are barred by the statute of limitations.

**B. The Township Cannot Be Held Liable for the Alleged Violations**

Further, even if Plaintiff's § 2255 claims were timely, the FAC does not plausibly allege a basis for imposing liability on the Township.

As explained in *Priester*, it is doubtful whether § 2255 even permits secondary or vicarious liability. 2026 WL 1133603, at *6; *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994). Plaintiff acknowledges that courts have been divided over this issue. But even assuming aiding-and-abetting liability exists, Plaintiff must plausibly allege that (1) a predicate offense was committed, (2) that the Township knew the offense was being committed, and (3) that it acted with the specific intent to facilitate it. *See Doe v. Liberatore*, 478 F. Supp. 2d 742, 756 (M.D. Pa. 2007).

Here, the allegations that the Township aided and abetted the violations are vague and conclusory at best. Apart from conclusory allegations of knowledge, the only facts alleged are that the Township "and its agents" received unspecified complaints about the abuse "in the relevant timeframe." (FAC, ECF No. 43 at 17). But Plaintiff does not identify, for example, when such complaints were made, what information was conveyed, or which Township official received them. He has further failed to plausibly allege that the Township acted with the specific intent to facilitate the crime. Plaintiff argues that the Township "acted with intent to facilitate the abuse by providing locations where the abuse occurred, organizing interstate trips during which abuse took place, and failing to take appropriate action despite knowledge of the abuse." (Pl.'s Opp., ECF No.

49 at 29) (emphasis omitted). These allegations do not plausibly state a claim of aiding and abetting. Inaction generally does not constitute aiding and abetting unless it rises to the level of "substantial assistance or encouragement." *Failla v. City of Passaic*, 146 F.3d 149, 158 n.11 (3d Cir. 1998); *see also Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 975–76 (2026) (Sotomayor, J., concurring) ("Mere indifference, however, is not enough for aiding and abetting liability to attach."). Put differently, there are simply no plausible allegations that any Township official acted "with the desire that the crime be accomplished." *Liberatore*, 478 F. Supp. 2d at 756 (quoting *United States v. Newman*, 490 F.2d 139, 143 (3d Cir. 1974)). To the extent Plaintiff argues that discovery is required, it is axiomatic that the Federal Rules of Civil Procedure do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Accordingly, even if timely, Plaintiff's § 2255 claims against the Township would fail.

### C. Plaintiff's RICO Claim Also Fails

Civil RICO claims are subject to a four-year statute of limitations that begins to run when the plaintiff discovers or should have discovered the injury forming the basis of the claim. *See Pelullo v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 131 F. App'x 864, 866 (3d Cir. 2005). Here, Plaintiff's injuries and corresponding RICO claim stem from the alleged abuse and enterprise operating during the 1990s. As explained above, Plaintiff's allegations indicate that he was aware of this underlying injury decades before filing this action. He has failed to allege any facts that would support an inference that his failure to timely bring suit was not attributable to a lack of reasonable due diligence. *See id.* The allegations that the Township altered or concealed evidence of Watkins' 2015 confession, which occurred decades after the alleged abuse, cannot revive his

claims. The RICO claim is therefore barred by the statute of limitations.[4]

To the extent Plaintiff seeks further leave to amend, (ECF No. 49 at 34), Plaintiff has now had four opportunities to plead his case, including with the benefit of counsel. Given the length of time that has elapsed since the filing of this action, the Court finds that further opportunities to amend would not be in the interest of justice. *See, e.g.*, *Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) ("Finally, because [Plaintiff] has had two opportunities to amend his complaint, declining to grant further leave to amend was proper.").

*****

For the foregoing reasons,

**IT IS HEREBY** on this 30th day of July, 2026,

**ORDERED** that Defendant's Motion to Dismiss, (ECF No. 44), is **GRANTED**; and it is finally

**ORDERED** that Plaintiff's claims against Defendant Middle Township of New Jersey are

---

[4] Although not raised by Defendant, the Court also notes that there "is now a nearly overwhelming weight of authority that holds that civil RICO claims cannot be maintained against municipalities and municipal officers." *Cortez-Ortiz v. City of Jersey City*, No. 16-2319, 2016 WL 5858647, at *1 (D.N.J. Oct. 5, 2016) (quotation marks and citation omitted) (citing, among other cases, *Genty v. Resol. Tr. Corp.*, 937 F.2d 899, 914 (3d Cir. 1991)). In addition, though the Court need not resolve this issue today, it has serious doubts that Plaintiff plausibly alleges injury to "business or property" under 18 U.S.C. § 1964(c). The FAC primarily alleges personal injuries, including "severe psychological harm," "humiliation," "emotional distress," and "anxiety." (FAC, ECF No. 43 ¶ 82). Plaintiff reads *Medical Marijuana, Inc. v. Horn*, 604 U.S. 593 (2025), too broadly in his opposition. (ECF No. 49 at 30–34). *Horn* held only that RICO does not categorically bar recovery for business or property injuries that flow from personal injury; it did not eliminate the distinction and, indeed, expressly cautioned that "not every monetary harm" resulting from personal injury necessarily implicates RICO. 604 U.S. at 600–01, 613–14. As the Township argues, Plaintiff's theory would convert any personal injury with economic consequences into a civil RICO injury. (Def.'s Reply, ECF No. 50 at 16–17). *Horn* does not require that result, and absent an unavoidable conflict, this Court remains bound by Third Circuit precedent barring recovery for purely personal injuries under RICO. *See Genty*, 937 F.2d at 918–19.

**DISMISSED WITH PREJUDICE.**

Christine P. O'Hearn

**CHRISTINE P. O'HEARN**
**United States District Judge**